UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:06-cr-342-T-30TGW

WILBERT CONNER, JR.
_____/

## **ORDER**

This cause came on for consideration without oral argument upon Defendant's Motion to Suppress Statements (Dkt. #97) and the Government's Response (Dkt. #98) thereto. Upon review and consideration, the Court determines that the Defendant's Motion should be denied.

The Defendant seeks to suppress statements taken at the Pinellas County Jail on July 17, 2006, due to Defendant's borderline low I.Q. (71) and his purported inability to understand the significance of waiving his Miranda rights. Prior to the filing of this Motion, the Defendant underwent a psychological examination by Dr. Debra Goldsmith. While Dr. Goldsmith determined that Defendant had an I.Q. of 71, she opined that he did in fact understand his legal right to remain silent.

In the Report of Psychological Evaluation dated January 16, 2007, (Sealed Dkt. #4), Dr. Goldsmith states:

> The defendant appeared to understand the adversarial nature of the legal process. The defendant was able to provide the interviewer with the name of his attorney and described his attorney's role. He described the Judge as being in charge of the courtroom and having the ability to determine his guilt or

>  innocence as well as a Jury.  He was aware of the role of the Assistant United States's Attorney, able to describe appropriate courtroom behavior and what it meant to testify.  He was aware that a felony was more serious than a misdemeanor offense.  **He was able to describe what it meant to have the "right to remain silent"** and aware of the pleas of guilty, not guilty and "no contest."  The defendant was able to provide possible probation mandates, aware of possible sentencing options and able to describe the concepts of a "plea bargain."  (Emphasis added.)

It should be noted that this particular Defendant has been arrested on a number of occasions.  Therefore, the 37-year old Defendant is experienced and familiar with routine police policy such as being read his Miranda rights, being hand-cuffed, and being transported to jail, perhaps for additional questioning.  Defendant answered numerous questions throughout the 59-minute interview that demonstrated his ability to understand the interrogation process. (Dkt. #98-2)  Defendant did not ask for an attorney and did not assert his known right to remain silent and/or request the services of an attorney before speaking.  In fact, at the beginning of the interview, Defendant asked the detective to skip through the Miranda warning and stated: "Just skip that part.  Let's move straight to the point."  (Transcript, page 2, lines 16-17.) The detective declined and insisted on reading Mr. Conner his rights.  It is clear from a review of the interview that Mr. Conner was not coerced or tricked in any way to answer the detectives' questions.  In fact, Mr. Conner seemed anxious to talk and wanted to tell his side of the story.  No threats or promises were made to induce the Defendant to do or say anything.

In Hubbard v. Haley, 317 F.3d 1245 (11th Cir. 2003), the district court rejected Hubbard's claim that his low I.Q. rendered his statement involuntary.  The court relied on

state hospital records which indicated that Hubbard was free of mental disease or defect and able to understand the charges against him and cooperate and assist in the conduct of his defense. The court further held that, as they had held previously, coercive police activity was a necessary predicate to a finding that the confession by a person with low intelligence level was involuntary. See also Colorado v. Connelly, 479 U.S. 157, 163-66, 107 S.Ct. 515, 520-21 (1986).

It is therefore ORDERED AND ADJUDGED that Defendant's Motion to Suppress Statements (Dkt. #97) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on May 14, 2007.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2006\06-cr-342.mot suppress 97.wpd